# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) |
| | ) I.D. No. 1702010418 |
| v. | ) |
| | ) |
| THOMAS MCCRAY, | ) |
| | ) |
| Defendant. | ) |

Submitted: August 1, 2024
Decided: October 14, 2024

## ORDER

On this 14th day of October, 2024, upon consideration of Defendant, Thomas McCray's Motion for Correction of an Illegal Sentence, the State's Opposition, the facts, procedural history and the entire record in this case, it appears to the Court that:

1. On November 26, 2018, Defendant pled guilty to Possession of a Deadly Weapon during the Commission of a Felony (11 *Del. C.* § 1447), Strangulation (11 *Del. C.* § 607), and Breach of Bond Conditions during Commitment (11 *Del. C.* § 2109).[1]

2. On the same day, Defendant was sentenced to twenty five (25) years at Level V, suspended after twelve (12) years, six (6) months for two (2) years supervision Level IV suspended after six (6) months for two (2) years supervision Level III, with GPS monitoring, for the charge of Possession of a Deadly Weapon During the Commission of a Felony. For the charge of Strangulation, Defendant was

---

[1] *State v. Thomas McCray*, Crim. I.D. No. 1702010418, D.I. 35.

sentenced to five (5) years at supervision Level V suspended immediately for twelve (12) months at supervision Level III, concurrent, with GPS monitoring. For the Breach of Bond Conditions charge, Defendant was sentenced to five (5) years at Supervision Level V suspended immediately for twelve (12) months supervision Level III, concurrent, with GPS monitoring.[2] Per the agreement with the State as noted on the plea agreement, Defendant was not sentenced as habitual offender, despite being eligible.

3.    Defendant first moved for Modification of Sentence on December 20, 2018, pursuant to Criminal Rule 35(b).[3] That Motion was denied on March 5, 2019.[4]

4.    On August 2, 2022, the Defendant filed his second Motion for Modification/Review of Sentence.[5] On September 27, 2022, that motion was denied as time-barred and on its merits.[6]

5.    On October 10, 2022, the Defendant filed a Motion for Modification of Sentence with a request to have his no-contact Order lifted.[7] On October 24, 2022, this Court issued an Order denying the Motion for Modification of Sentence, with the direction that custody matters can be raised in the Family Court, as the no-contact

---

[2] *Id,* D.I. 36. The sentencing Order was modified on March 18, 2019 to include $12,067.00 in restitution. D.I. 40.
[3] D.I. 37.
[4] D.I 39.
[5] D.I. 43.
[6] D.I. 46.
[7] D.I. 47.

order permitted contact pursuant to a valid Family Court Order.[8]

6. On January 3, 2023, the Defendant filed a third Motion for Modification of Sentence, again requesting the no-contact order to be lifted.[9] On January 20, 2023, this Court issued an Order denying the third Motion for Modification of Sentence as duplicative of the Defendant's prior Motions for Modification of Sentence.[10]

7. On April 25, 2024, Defendant filed the instant Motion for Correction of an Illegal Sentence (the "Motion").[11] Pursuant to Criminal Rule 35(a), Defendant argues: (1) his 2004 Possession with Intent to Distribute conviction should not be cause for enhancement; (2) this Court has violated an Agreement under *11 Del. C.* §4214; and (3) Defendant's 2006 Tampering with Physical Evidence Conviction should not be predicated as a Felony for Enhancement of his Sentence.[12]

8. On May 7, 2024, the State was given until June 7, 2024, to file a Response to this motion.[13] The State filed a timely response in opposition.[14] Just prior to that, however, on June 5, 2024, Defendant wrote to the Court requesting that the assigned judge to his instant motion be made aware that he has requested transcripts of the plea colloquy and sentencing.[15] In response, on June 12, 2024, the

---

[8] D.I. 48.
[9] D.I. 49.
[10] D.I. 50.
[11] D.I. 51.
[12] *Id.* at pp. 2-4.
[13] D.I. 52.
[14] D.I. 54.
[15] D.I. 53.

Court wrote to Defendant to advise him Court Reporter's Office had not yet received a request for transcripts. Additionally, the Court informed Defendant of the proper procedure to request transcripts, provided Defendant the request form and stayed the proceedings in the instant motion to afford Defendant an opportunity to obtain transcripts.[16] In so doing, the Court gave Defendant until July 19, 2024, to make any such request.[17]

9. On July 22, 2024, after not having received a request for transcript from Defendant, the Court once again wrote to Defendant explaining that the deadline had passed for him to apply for transcripts, no such request had yet been submitted, but afforded him until August 1, 2024, to file any request so that his Motion for Illegal Sentence could be heard and decided.[18] To date, nothing has been filed with the Court. As a result, the stay was lifted as of August 1, 2024. The matter is now ripe for decision.

10. Pursuant to Superior Court Criminal Rule 35(a), "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."[19] "The narrow function of Rule 35 is to permit correction of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the

---

[16] D.I. 55.
[17] *Id.*
[18] D.I. 56.
[19] Del. Super. Ct. Crim. R. 35(a).

sentence."[20] A sentence is illegal if: (1) the sentence imposed exceeds the statutorily-authorized limits; (2) is violative of the Double Jeopardy Clause; (3) is ambiguous with respect to the time and manner in which it is to be served; (4) is intentionally contradictory; (5) it omits a term required to be imposed by statute; (6) it is uncertain as to the substance of the sentence; or (7) it is a sentence which the judgment of conviction did not authorize.[21]

11.     Defendant first argues that his 2004 conviction for Possession with Intent to Distribute should not have been used to enhance his current sentence.[22] Specifically, Defendant argues:

> (1) Pursuant to 11 *Del. C.* §1448 (E)(1)(b), this count should not be enhanced because it occurred 14 years before defendant's conviction of 2018; ...pursuant to 11 Del C. 1448(E)(1)(c), this count is not legal to enhance defendant's sentence because Del. 11, 4201(c) was no longer in effect when defendant violated 1448; and (3) the PWITD was a useage [sic] count.[23]

Liberally and logically reading Defendant's motion as a whole, his challenge appears to be to his weapon conviction.

12.     Defendant's argument centers on a challenge to a conviction under 11 *Del. C.* § 1448 (Possession of a Firearm by a Person Prohibited), and a sentence pursuant to 11 *Del. C.* § 1448(e)(1)(b), which mandates a five (5) year minimum mandatory sentence for anyone with a previous violent felony conviction within the

---

[20] *Hill v. United States*, 368 U.S. 424, 430 (1962).
[21] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[22] D.I. 51, Defendant's Mtn. for a Correction of an Illegal Sentence, at p. 2.
[23] D.I. 51, Defendant's Mtn. for a Correction of an Illegal Sentence, at pp. 2-3.

preceding 10 years.[24] But Defendant was not convicted for Possession of a Firearm by a Person Prohibited under 11 *Del. C.* § 1448. Defendant was convicted under 11 *Del. C.* § 1447, Possession of a Deadly Weapon During the Commission of a Felony, which is a Class B felony and has a minimum mandatory two years at Level V incarceration and a maximum period of 25 years at Level V.[25] The deadly weapon alleged, and admitted to, in the Indictment was a "bludgeon" and not a firearm.[26]

13. Accordingly, Defendant was sentenced to 12 years and 6 months at Level 5 for Possession of a Deadly Weapon during the Commission of a Crime.[27] This sentence does not exceed the statutory limitations for the given crime and is legal.[28] Defendant's prior 2004 conviction was not used to statutorily enhance his sentence, as 11 *Del. C.* § 1447 had no enhancement possibilities akin to 11 *Del. C.* § 1448. Nor was Defendant convicted or sentenced under 11 *Del. C.* § 1448.

14. Defendant next argues the plea agreement he reached with the State of Delaware was violated by this Court under 11 Del. C. § 4214(b), challenging the manner in which his sentence was imposed.[29] Pursuant to Rule 35(a), the Court may correct a sentence imposed in an illegal manner within the time provided herein for

---

[24] 11 Del. C. § 1448 (e)(1)(b).

[25] 11 Del. C. § 1447 (2018); *see also* SENTAC Benchbook, 2018 at p. 43.

[26] D.I. 23, Count 13.

[27] *Id.*

[28] 11 Del. C. § 1447 (Possession of a Deadly Weapon during the Commission of a Felony); 11 Del. C. §4205(b)(2) (Class B Felony Sentences).

[29] D.I. 51, Defendant's Mtn. for the Correction of an Illegal Sentence, at 3.

the reduction of sentence – ninety (90) days.[30] This is filing more than ninety (90) days after the imposition of his sentence, and is therefore time-barred.

15.    Had this motion been timely filed, it is without merit. Defendant was not sentenced as a habitual offender pursuant to 11 *Del. C.* § 4214. Under 11 *Del. C.* § 4214(b), any person who has been convicted of an enumerated felony offense on three prior occasions, and who is subsequently convicted of a violent felony, will receive a minimum mandatory sentence of half the statutory maximum penalty.[31] Defendant claims the Court acted illegally sentencing him as a habitual offender pursuant to 11 *Del. C.* § 4214(b) in violation of the plea agreement.[32]

16.    He is mistaken. Defendant was not classified as a habitual offender at the time he was sentenced; the State did not breach the plea agreement, nor did the Court sentence Defendant in violation of the plea agreement. In fact, the sentencing Order specifically notes, "Defendant agrees he is eligible to be sentenced as [a] habitual offender, but the State agrees not to proceed HO."[33] Defendant has put forth no evidence in support of, nor does the record support, his allegation that the sentence is "ambiguous, … internally contradictory…omits a term required to be imposed by statute; and is a sentence that the judgment of conviction did not authorize."[34]

---

[30] Del. Super. Ct. Crim. R. 35(a). *See* Del. Super. Ct. Crim. R. 35(b) ("The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed").

[31] 11 Del. C. § 4214(b).

[32] D.I. 51, Defendant's Mtn. for Correction of an Illegal Sentence, at 3.

[33] D.I. 36, 40.

[34] D.I. 51, Defendant's Mtn. for Correction of an Illegal Sentence, at p. 3, citing

Therefore, this claim in its entirety is both procedurally barred and without merit.

17.    Finally, Defendant argues that his "2006, [sic] Tampering with Physical Evidence, should not be used as a predicated felony for any enhancement towards habitual statute is illegal and should be removed from the record. This omits a term required to be imposed by statute."[35] Again, this claim is procedurally barred as it was not brought within the ninety (90) day requirement for claims that a sentence was imposed in an illegal manner.[36] Nonetheless, as previously stated, Defendant was not declared a habitual offender at the time of sentencing.[37] Therefore, Defendant's claim that this Court acted illegally in sentencing him as a habitual offender is without merit and Defendant has failed to show how his sentence omits a required term or is illegal in any other manner.

18.    Accordingly, Defendant's Motion for Correction of an Illegal Sentence is **DENIED.**

**IT SO ORDERED.**

Danielle J. Brennan, Judge

---

*Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[35] D.I. 51, Defendant's Mtn. for Correction of an Illegal Sentence, at 4.
[36] Del. Super. Ct. Crim. R. 35(a).
[37] D.I. 36, 40.